(No. 4930-

CONSOLIDATED FOODS CORPORATION, A CORPORATION, SPRAGUE-WARNER DIVISION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1962.*

ALLEN, DARLINGTON AND ELLIOTT, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD MARSALEK, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On August 10, 1961, claimant filed its petition seeking an award in the amount of $712.00, the same being the balance due it for the sale of food and supplies to the Mississippi Palisades State Camp at Savanna, Illinois.

An order was entered granting the joint motion of claimant and respondent to waive the filing of briefs, and the matter was referred to Commissioner Immenhausen for the taking of evidence.

The case was heard on September 6, 1961, and thereafter the Commissioner filed his report, which is hereinafter set forth:

"Claimant, Consolidated Foods Corporation, A Corporation, Sprague-Warner Division, by its attorneys, Allen, Darlington and Elliott, filed a complaint in the Court of Claims for a $712.00 balance due on amount stated for goods, wares and merchandise sold and delivered to respondent, State of Illinois, at the Mississippi Palisades State Camp, Savanna, Illinois, in accordance with purchase order No. 323248, attached to complaint as claimant's exhibit A.

"It was stated that the total price of said goods was $1,342.29; that respondent paid $630.29 in November, 1958, leaving a balance of $712.00 unpaid. Respondent did not file an answer to the complaint. Therefore, a general traverse or denial of the facts set forth in the complaint shall be considered as filed.

"The case was set for hearing on September 6, 1961, in Court Building, 160 N. LaSalle Street, Chicago, Illinois.

"Claimant introduced photostatic copies of purchase order No. 323248, proof of delivery, and acknowledgment from office of the State that goods were delivered in good order.

"Claimant called Mr. Schmidt, who said he was familiar with the bookkeeping procedure used by Consolidated Foods. The order was admitted as exhibit No. 1. It bore the signature of M. M. Hollingsworth. There was no objection by respondent. Claimant then introduced exhibits Nos. 2 and 3. Exhibit No. 2, dated July 15, 1958, shows shipment made to the Mississippi Palisades Camp, Savanna, Illinois, by truck, and the driver's receipt. Claimant then offered claimant's exhibit No. 4, a statement of shipments and payments received from the State of Illinois. The total amount of the purchase order was $1,342.29, and received $630.29, leaving a balance of $712.00 unpaid. The balance was not paid because the appropriation had expired. Exhibits Nos. 1, 2, 3. 4 and 5 were admitted into evidence. Exhibit No. 5 was a letter from Mr. Munday testifying that all were true and correct copies.

"The next witness was Mr. Brales, Franklin Park, a truck driver employed by claimant. He identified receipt of delivery to the Mississippi Palisades Park; and stated that he obtained signature and signed delivery receipt for merchandise actually delivered by him to the Camp kitchen. All deliveries were checked in off the bill of lading—the agent, who checked goods, was employed by the State of Illinois. He was the superintendent.

"On September 11, 1961, the attorneys for claimant and respondent stipulated that the requirement for briefs and arguments be waived.

"After careful consideration of the testimony offered, claimant has proven its case by a preponderance of the evidence; that the goods were ordered, delivered in good order, and that $712.00 was not paid, because the appropriation had expired.

"It is my recommendation that claimant, Consolidated Foods Corporation, a corporation, Sprague-Warner Division, be awarded $712.00."

This Court has held on previous occasions that, where the evidence shows claimant has fully complied with the terms of a contract, and payment was not made on the contract due to the fact that the appropriation had lapsed, an award will be made. (*Ross* vs. *State of Illinois*, 22 C.C.R. 51; *Walsh Oil Co.* vs. *State of Illinois*, 22 C.C.R. 154.)

It is, therefore, ordered that the report of the Commissioner be adopted by the Court.

An award is made to claimant in the amount of $712.00.